IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>SAMUEL MONROE,<br><br>  Defendant. | Case No. 3:16-CR-30024-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Samuel Monroe pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 453).[1] For the reasons set forth below, the motion is denied.

### BACKGROUND

On February 22, 2017, Defendant Monroe pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine. (Docs. 211, 212). Monroe was sentenced to 168 months' imprisonment. (Docs. 277, 279). According to the Bureau of Prisons' website, Monroe is scheduled to be released on June 21, 2029.[2]

Monroe argues the COVID-19 pandemic constitutes extraordinary and compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. (Doc. 472).

---

[1] On August 28, 2020, the Court granted the Government's Motion to Dismiss (Doc. 458) because Monroe failed to provide proof that he had fully exhausted his administrative remedies. Monroe then filed a Motion for Reconsideration noting that "he has fully exhausted his administrative remedies beyond what the First Step Act requires, and in satisfaction of BOP Program Statement 1330.18." (Doc. 469). The Government's response does not allege that Monroe failed to exhaust his administrative remedies.

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 8, 2022).

## DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. While the Court is not bound to follow this definition when a defendant brings suit himself under the First Step Act, it is a guiding principle. As the Seventh Circuit noted in *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020):

> The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion within being conclusive.

Monroe has failed to establish extraordinary and compelling circumstances that warrant granting his motion for compassionate release. Notably, Monroe suffers from hypertension, diabetes, and obesity. Monroe's medical records, however, do not indicate whether he suffers from *pulmonary* hypertension—the only type of hypertension putting an individual at risk to sever illness from COVID-19. (Doc. 472-1, p. 41); *see United States v. Millbrook*, 840 F. App'x 25, 26 (7th Cir. 2021) (noting that while "[defendant's] high blood pressure likely put him at some increased risk from COVID-19, guidance from the Centers for Disease Control and Prevention did not indicate that high blood pressure (in contrast to 'pulmonary hypertension') was a significant risk factor").

Monroe's diabetes and obesity are simply not enough—even in conjunction with his hypertension. The Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the BOP, but "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them

more susceptible to the disease." *United States v. Sheppard*, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the widespread availability of COVID-19 vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to vaccine cannot use risk of COVID-19 to obtain compassionate release). Thus, the Court finds that there is no evidence of an extraordinary and compelling reason for Monroe's immediate release.

Even if the Court were to find that Monroe's medical conditions, alone or in conjunction with the COVID-19 pandemic, or other factors constitute extraordinary and compelling reasons for release, the § 3553(a) factors and requirement that a defendant not be "a danger to the safety of any other person or to the community" weigh against releasing him. Monroe, who is now 44 years old, has an extensive criminal history beginning at the age of 19. Further, Monroe has not even served half of his 14-year sentence. Reducing his sentence would fail to reflect the seriousness of his crime, promote respect for the law, or provide just punishment for the offense. The Court also fears his short incarceration would be insufficient to deter Monroe from future criminal conduct or to protect the public from further crimes. Simply put, after considering the § 3553(a) factors, Monroe's request for compassionate release must be denied.

## Conclusion

For these reasons, the *pro se* Motion for Compassionate Release filed by Defendant Samuel Monroe (Doc. 453) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 8, 2022**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**